UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

Case No.

4BROTHER'S SHIPPING LTD., a foreign
corporation and M/V "MY MERAY", a 180'
bulk carrier, IMO NUMBER 9000302

       Plaintiff,

v.

M/V "ORHAN", a180' bulk carrier, IMO
NUMBER 9625451

       Defendant.

_____/

## VERIFIED COMPLAINT TO FORECLOSE A MARITIME LIEN

Plaintiffs, 4BROTHER'S SHIPPING LTD. and M/V "MY MERAY" ("4BROTHERS" or "Plaintiffs"), a 181' bulk carrier, IMO No. 9000302, hereby file this Verified Complaint to arrest the Defendant, M/V "ORHAN", a bulk carrier, IMO No. 9625451 ("ORHAN" or "Defendant"), and asserts this possessory claim in Admiralty pursuant to Supplemental Rule C and Local Admiralty Rule C against "ORHAN", her engines, tackle, equipment, appliances, appurtenances, etc., *in rem* and states as follows:

1. This is an action in admiralty and maritime claim within the jurisdiction of this Court pursuant to 28 U.S.C. § 1333, and a cause of action within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and pursuant to Supplemental Rule for Certain Admiralty and Maritime Claims C and Local Admiralty Rule C as hereafter more fully appears.

2. Plaintiff, 4BROTHERS, is the owner of M/V "MY MERAY," IMO No. 9000302. At all times material, 4BROTHERS' principal place of business is and was 80 Broad Street, Monrovia, Liberia.

3. At all times material to this action, "MY MERAY," IMO No. 9000302, is and was a bulk carrier sailing under the flag of Belize.

4. The Defendant vessel, *in rem*, "ORHAN," IMO 9625451, is a bulk carrier flying under the flag of Malta.

5. "ORHAN" is now or will be during the pendency of this action within the district and within the jurisdiction of this Court.

6. Orhan Maritime Ltd is the owner of "ORHAN." At all times material, Orhan Maritime Ltd.'s principal place of business is 171 Old Bakery Street, Valletta, Malta.

7. On or about September 9, 2017, while anchored in the Chittagong anchorage in the territorial waters of Bangladesh, both "MY MERAY" and "ORHAN" dragged their anchors, thereby causing a collision with one another. During attempts to separate the vessels, the bow of "ORHAN" punctured the sideboard shell plating of "MY MERAY" and Hold 5 of "MY MERAY" flooded, all of the cargo therein was damaged. The collision and subsequent puncture of "MY MERAY" are collectively referred to herein as the "Incident."

8. As a result of the Incident, "MY MERAY" suffered losses approximately totaling $2.766 million. *See* Affidavit of Nicholas Donnelly, counsel for "MY MERAY," attached hereto as Exhibit "A".

9. As a result of the Incident and tort committed by "ORHAN" for dragging its anchor, a maritime lien was created under English law. *Id.* at ¶¶ 23-27.

2

10. Thereafter, the insurers for the two vessels engaged in preliminary settlement discussions. *Id.*

11. As detailed further in the Affidavit of Nicholas Donnelly, during these discussions, the two parties agreed that English Law applied to the subject loss and to provide security to one another. *Id.*

12. As a result, insurers for "MY MERAY" executed an ASG Collision Jurisdiction Agreement ("ASG 2") in October 2017. *See* ASG 2 attached hereto as Exhibit "B".

13. Pursuant to the ASG 2, insurers for Plaintiffs executed two Letters of Undertaking ("ASG 1"), for USD1,750,000.00 and USD550,000.00, on December 7, 2017. *See* ASG 1 agreements attached hereto as Exhibit "C".

14. Since October 2017, Plaintiffs have demanded "ORHAN" sign the ASG 2 pursuant to the agreement by the insurers of "ORHAN." *See* Exhibit A.

15. Finally, on August 28, 2019, "ORHAN's" solicitors executed the ASG 2 that had been agreed upon years prior. The ASG 2 formally establishes the Parties' agreement that the subject claims shall be determined in accordance with English law and practice. *See* Exhibit B.

16. The ASG 2 also requires the parties to provide security in respect of the other's claim. *Id.* at ¶ C.

17. Despite its agreement to do so in October 2017, and formally in its execution of the ASG 2, "ORHAN" has continuously failed to issue the agreed security to secure "MY MERAY's" maritime lien which was created pursuant to English law. *See* Exhibit A.

18. To date, "ORHAN" has not provided "MY MERAY" with the agreed security to protect Plaintiff's interests established by the subject maritime lien. *Id.*

3

19. To date, "ORHAN" has failed to make Plaintiffs whole for the damages Plaintiffs incurred as a result of the subject incident.

20. Pursuant to English law, a maritime lien in favor of "MY MERAY" came into existence over the "ORHAN" as soon as damage was caused on "MY MERAY" on September 9, 2019. *Id.*

21. As a maritime lien attaches and the subject incident occurred in navigable waters, this Court has jurisdiction to issue a warrant for the arrest of "ORHAN".

22. The "ORHAN" now lies or will lie upon the waters of the Southern District of Florida, but will be removed from this jurisdiction by her owners or others unless prevented from doing so by maritime arrest.

WHEREFORE, Plaintiffs pray to this Honorable Court:

A.    That a warrant for the arrest of the "ORHAN" IMO No. 9625451 may issue and all persons claiming any interest in said vessel may be cited to appear and answer;

B.    That pursuant to Supplemental Rule C of the Federal Rules of Civil Procedure the defendant vessel be arrested;

C.    That Plaintiffs' lien be declared a valid and subsisting maritime lien and superior to all other interests, liens, or claims against the defendant vessel;

D.    That it be decreed that any and all persons, firms, corporations or entities claiming any interest in the vessel are forever barred and foreclosed of and from all right or equity of redemption or claim of, in or to the mortgaged vessel and all her parts

C.    That Plaintiffs have any such other and further relief as may be just and proper.

4

**VERIFICATION OF CHARLES S. DAVANT**

I am the attorney of record for Plaintiffs, 4BROTHER'S SHIPPING LTD. and M/V "MY MERAY" ("4BROTHERS" or "Plaintiff"), a 181' bulk carrier, IMO No. 9000302. Pursuant to Local Admiralty Rules A(5), B(2) and C(1), I declare and affirm that the foregoing document is true to the best of my knowledge, information and belief based on my review of the documents referenced herein. I am authorized to make this representation on behalf of the Plaintiffs who are not doing so themselves because they are not located within this District.

Pursuant to 28 U.S.C. §1746, I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on August 28, 2019.

_____
                                                                                                Charles S. Davant

**VERIFICATION OF NICHOLAS DONNELLY**

I am the attorney-in-fact for Plaintiffs, 4BROTHER'S SHIPPING LTD. and M/V "MY MERAY" ("4BROTHERS" or "Plaintiff"), a 181' bulk carrier, IMO No. 9000302. Pursuant to Local Admiralty Rules A(5), B(2) and C(1), I declare and affirm that the foregoing document is true to the best of my knowledge, information and belief based on my review of the documents referenced herein. I am authorized to make this representation on behalf of the Plaintiffs who are not doing so themselves because they are not located within this District.

Pursuant to 28 U.S.C. §1746, I solemnly declare under penalty of perjury under the laws of the United States of America that that the foregoing is true and correct.

Executed on August 28, 2019.

_____
                                                                                                Nicholas Donnelly

5

Dated: August 28, 2019

**DAVANT LAW, P.A.**
*Attorneys for Plaintiffs*
401 East Las Olas Blvd., Suite 1400
Fort Lauderdale, FL  33301
Telephone:(954)414-0400
Facsimile: (954) 332-3301

By: _____
    Charles S. Davant
    Florida Bar No. 15178
    Jesse D. Drawas
    Florida Bar No. 68654
    jdrawas@davantlaw.com